UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UP STATE TOWER CO., LLC,

        Plaintiff,

  -vs-

THE TOWN OF KIANTONE, NEW YORK; THE
TOWN BOARD OF THE TOWN OF KIANTONE,
NEW YORK; and THE BUILDING
DEPARTMENT OF THE TOWN OF KIANTONE,
NEW YORK,

        Defendants.

**ORDER**
**No. 1:16-cv-00069-MAT**

---

## I. Introduction

Presently before the Court is the "Consent Motion to Stay Pending Appeal Under FED. R. CIV. P. 62," filed by Up State Tower Co., LLC. ("Plaintiff"). Plaintiff states that it is currently appealing this Court's Decision and Order dated December 9, 2016, to the extent it denied Plaintiff injunctive relief on Plaintiff's first cause of action, and the Decision and Order of this Court dated March 13, 2017, to the extent it denied Plaintiff's Motion, pursuant to FED. R. CIV. P. 59 and 60, to amend the judgment, thereby denying Plaintiff's desired injunctive relief. For the reasons discussed herein, the stay request is granted.

## II. Discussion

As the basis for its motion, Plaintiff indicates in its memorandum of law that on April 26, 2017, counsel for Defendants, Paul V. Webb, Jr., Esq., indicated that "Defendants have consented to Plaintiffs [sic] request for a stay." (Plaintiff's Memorandum of

Law (Dkt #27-4) at    However, Plaintiff has not placed this alleged fact of Defendants' attorney's consent before the Court in an appropriate vehicle, such as an attorney's affidavit or a letter from Defendants' counsel. Therefore, the Court does not consider it.

Plaintiff's motion purports to be brought under Rule 62(c) of the Federal Rules of Civil Procedure, which provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." FED. R. CIV. P. 62(c). Plaintiff states that instead the Court should apply Landis v. North American Co., 299 U.S. 248, 254 (1936), which affords a district court the "discretionary power to stay proceedings in its own court[.]" Lockyer v. Mirant Corp., 396 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis, 299 U.S. at 254). For this proposition, Plaintiff cites ASIS Internet Services v. Member Source Media, LLC, C-08-1321 EMC, 2008 WL 4164822, at *1 (N.D. Cal. Sept. 8, 2008), where the district court was called upon to "determine what the proper legal standard is when there is a request to stay proceedings pending an appeal in a *different* case." Id. (emphasis supplied).

Defendants have not objected to the stay, and have not addressed the question of which standard to apply. The Court assumes arguendo, for purposes of resolving this motion, that the Landis factors apply.

In Landis, 299 U.S. 248, the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. at 254-55. Courts considering stay applications must "exercise [their] judgment" and "must weigh competing interests and maintain an even balance" before reaching a conclusion. Id. "Courts in this Circuit typically consider five factors when deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Wing Shing Products (BVI) Ltd. v. Simatelex Manufactory Co., Ltd., 01CIV.1044(RJH)(HBP), 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005) (citing Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (citing Volmar Distributors v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

After reviewing the above-described factors against the factual circumstances present here, the Court will exercise its discretion to grant a stay of these proceedings. Most salient to the Court are the first, third, and fifth Landis factors. As to the first factor, there will be no prejudice to Plaintiff if the case is stayed, since Plaintiff is the party requesting the stay. See LaSala v. Needham & Co., 399 F. Supp.2d 421, 428 (S.D.N.Y. 2005)

("[W]hen a plaintiff seeks a stay, a court is not concerned with plaintiffs need to vindicate its rights."). As to the third and fifth factor, the interests of the Court and the public will be furthered by a stay pending the conclusion of Plaintiff's appeal, since removing this matter from the Court's active docket will conserve scarce judicial resources. And, if Plaintiff is successful on appeal, this will obviate the need for further litigation in this Court.

**III. Conclusion**

For the foregoing reasons, the Court finds that the relevant factors favor granting the stay. Therefore, Plaintiff's "Consent Motion to Stay Pending Appeal Under FED. R. CIV. P. 62" is **granted**. The Clerk of Court is directed to administratively close this case. Plaintiff is directed to notify the Court in writing within twenty (20) days of the date of a final decision from the Second Circuit regarding the disposition of Plaintiff's appeal.

**SO ORDERED.**

          **S/Michael A. Telesca**

           HON. MICHAEL A. TELESCA
           United States District Judge

Dated:  May 10, 2017
     Rochester, New York.