UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UP STATE TOWER CO., LLC,

                              Plaintiff,

-vs-

THE TOWN OF KIANTONE, NEW YORK;
THE TOWN BOARD OF THE TOWN OF
KIANTONE, NEW YORK; and THE
BUILDING DEPARTMENT OF THE
TOWN OF KIANTONE, NEW YORK,

                              Defendants.

---

No. 1:16-cv-00069-FPG
DECISION AND ORDER

## INTRODUCTION

Up State Tower Co., LLC ("Up State" or "Plaintiff") instituted this action against the Town of Kiantone ("Town"), the Town Board of the Town of Kiantone ("Board") and the Building Department of the Town of Kiantone (collectively, "Defendants") alleging that Defendants violated the Telecommunications Act of 1996 ("TCA"), Pub. L. No. 104-104, 110 Stat. 56 (codified at 47 U.S.C. § 151 *et seq.*, as amended), by denying its application for a special use permit to construct a public utility wireless telecommunication facility. Defendants have moved for a stay pending their appeal of the judgment entered against them. ECF No. 60. For the reasons discussed below, the motion to stay is DENIED.

## BACKGROUND

Up State submitted its application to construct a wireless telecommunications facility to Defendants on July 30, 2015. After Defendants failed to issue a decision on the application, Up State commenced this action on January 26, 2016. ECF No. 1.

1

On December 9, 2016, the Court (Telesca, D.J.). granted Up State's motion for summary judgment as to its first claim. ECF No. 17. Judge Telesca held that the Town had failed to act in a reasonable time as required by statute and ordered the Town to issue a written decision on the application. On December 19, 2016, the Town issued an unfavorable written decision.

Up State moved for reconsideration (ECF No. 19) of the Court's December 9, 2016 order, which Judge Telesca denied. ECF No. 23. Up State then filed a notice of interlocutory appeal with the United States Court of Appeals for the Second Circuit. The Second Circuit affirmed the Court's decision to remand the matter to the Town for a final decision on the application rather than enjoining the Town to grant the application. ECF No. 30.

On August 7, 2018, Defendants filed a second summary judgment motion (ECF No. 39), seeking judgment as a matter of law as to the fifth count of Up State's amended complaint (ECF No. 24), which alleged that the Town's denial was not supported by substantial evidence in violation of 47 U.S.C. § 332(c)(7)(B)(iii).

In a decision and order dated March 11, 2019 (ECF No. 46), Judge Telesca denied Defendants' motion, finding that the Town's denial was not supported by substantial evidence. Judgment (ECF No. 47) was entered in favor of Up State on March 12, 2019, and Defendants were enjoined to grant Up State's application and issue all necessary permits and variances to allow Up State to construct its wireless telecommunications facility.

Defendants filed a motion for reconsideration (ECF No. 49), which Judge Telesca denied on November 26, 2019. ECF No. 58.

On December 16, 2019, Defendants filed a notice of appeal as to the Court's March 2019 and November 2019 decisions. The following day, Defendants filed a "Notice of Motion for a Stay Pursuant to Fed. R. Civ. Proc. Rule 62(b)." ECF No. 60. Defendants request a stay of that portion

of the judgment directing them to promptly grant all necessary permits and variances for Up State to construct its communications facility until after the Second Circuit acts on their appeal.

Up State filed a memorandum of law in opposition to the motion to stay. ECF No. 63. Defendants filed a response (ECF No. 64) and a reply (ECF No. 65) (collectively, "Response/Reply") in support of their motion to stay; these submissions are identical to each other. Up State filed a motion to strike (ECF No. 66) the Response/Reply. Up State argues that, at 35 pages each, these submissions greatly exceed the ten-page limit of Western District of New York Local Rule ("L.R.") 7(a)(2)(C). Moreover, Up State contends, Defendants improperly submit arguments in support of the stay motion that were not included in initial motion papers. Defendants did not submit any response to Up State's motion to strike. In a text order dated January 14, 2020, Judge Telesca granted the motion to strike the Reply (ECF No. 65) for the reasons articulated in Up State's letter-brief, stating the Court would not consider it. ECF No. 67.

This case was transferred to the undersigned on March 12, 2020. ECF No. 69.

## DISCUSSION

The applicable federal rule under which a party may seek to stay an injunction pending appeal is Federal Rule of Civil Procedure 62(d) ("Rule 62(d)").[1] This rule provides, in relevant part, as follows: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." *Id.*

---

[1] As Up State points out, Defendants cite to Rule 62(b), which provides that a party may obtain a stay of a judgment by posting a bond. Fed. R. Civ. P. 62(b). Defendants, however, specifically request that the injunction in Up State's favor "be stayed without the posting of security," meaning that Rule 62(b), which requires a bond to obtain a stay, cannot apply.

3

"Motions for relief under Rule 62(d) are evaluated using the traditional four-factor test applicable to motions for stay: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Bradt v. T-Mobile US, Inc.*, No. 19-CV-07752-BLF, 2020 WL 1233939, at *1 (N.D. Cal. Mar. 13, 2020) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citing Rule 62(c), which became Rule 62(d) when the Federal Rules of Civil Procedure were amended in 2018); citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (discussing the four-factor test)). "The first two factors of the traditional standard are the most critical. It is not enough that the , chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 434 (2009) (quoting *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999) (internal quotation marks omitted in original)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34 (citations omitted).

Defendants did not file a memorandum of law in support of their motion to stay and did not attempt to address the four factors until they filed their Response/Reply, the first twenty pages of which consists of a recitation of the procedural history of the case, including extensive quotations from the administrative record. Up State is "correct that a district court is free to disregard argument raised for the first time in reply papers. . . ." *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) (citing *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court.")), *aff'd*, 374 F. App'x 71 (2d Cir. 2010). However, the Second Circuit has held that it is within a district court's discretion to consider a belatedly-raised argument. *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249 (2d Cir. 2005). A court's decision in

4

this regard is reviewed for abuse of discretion. *Bayway Ref. v. Oxygenated Mktg. & Trading*, 215 F.3d 219, 226 (2d Cir. 2000).

In their opposition to the stay motion, Up State preemptively addressed the four factors and provided extensive argument that Defendants could not make the required showing even if they had tried. Defendants, in their Response/Reply, cursorily addressed the four factors. As noted above, Judge Telesca granted the motion to strike the Reply (ECF No. 65). Although the text order did not refer to the Response, the Court assumes that the text order was intended to both the Response and the Reply, since they are the same pleading. Even were the Court to consider Defendants' belatedly raised arguments, they do not demonstrate that a stay is warranted, as discussed below.

To support their view that they are likely to succeed on the merits of their appeal, Defendants have merely repeated arguments already made to, and rejected by, Judge Telesca in denying their motions for summary judgment and reconsideration. This falls short of the "strong showing," *Nken*, 556 U.S. at 434, of a likelihood of success on the merits. As Up State argues, Judge Telesca twice concluded that Defendants' denial of the application was not supported by substantial evidence, a standard that is already deferential to the municipal decisionmaker. *See Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 493-94 (2d Cir. 1999) ("The TCA requires that denials be supported by substantial evidence. *See* 47 U.S.C. § 332(c)(7)(B)(iii). In determining whether the denial was supported by substantial evidence, [the court] must employ 'the traditional standard used for judicial review of agency actions.' H.R. Conf. No. 104-458, at 208 (1996), reprinted in 1996 U.S.C.C.A.N. 124, 223. This standard of review is deferential, and [the court] may neither engage in [its] own fact-finding nor supplant the Town Board's reasonable determinations.") (citations omitted).

The second and third factors address harm to the stay applicant and other affected parties, respectively. With regard to the second factor, the Supreme Court has observed that "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433 (quotation omitted). To show irreparable harm, "[t]he movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Rodriguez by Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998) (per curiam), *opinion amended and superseded sub nom. Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227 (2d Cir. 1999) (quoting *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (quotation marks and citation omitted in original)). The third factor looks at the harm to other parties interested in the proceeding and requires the movant to establish that issuance of an injunction pending appeal will not substantially injure those parties.

Defendants essentially make the same argument in support of the second and third factors, asserting that allowing the wireless tower to be constructed would "have an adverse and harmful effect on the residents whose lots adjoin the tower as the fall down zone of 280' in diameter will prohibit construction of structures within this area[,]" and that "[t]he numerous variances . . . required under the Town's Telecommunications Law will also affect the quality of life of numerous residents who will be adversely affected by having a 180' tower constructed on this small site." Response/Reply at 34-35; *see also id.* at 33-34 (asserting that "the fall down zone of this size would greatly affect several residences located within the diameter by decreasing their property values and the ability to construct any structures within that area" will cause "irreparable harm"). None of these asserted harms are "actual and imminent," *Rodriguez*, 162 F.3d at 61, but instead are purely "remote [and] speculative[,]" *id.* Defendants have made no showing that there are any residents whose lots adjoin the proposed site who are being or will be prevented from

6

building structures in the fall down zone. Likewise, Defendants have not provided any details about the "numerous residents" whose "quality of life" allegedly will be adversely affected by the construction of a cell tower on a site that is not zoned for residential use. Moreover, Defendants have not established that these purported harms could not be rectified by awarding monetary damages to the residents. To the contrary, if residents did sustain a diminution in property values, as asserted by Defendants, such a harm necessarily could be remedied financially. Finally, as Up State points out, if Defendants prevail on appeal, the tower can be removed. *See T-Mobile USA, Inc. v. The City of Anacortes*, No. C07-1644 RAJ, 2008 WL 3412382, at *7 (W.D. Wash. July 18, 2008) (declining to grant Rule 62 stay where the "City contend[ed] that it is entitled to a stay . . . because it would be difficult and expensive to remove the monopole after it is built if the City is successful on appeal").

    Lastly, Defendants have not established that the fourth factor, which considers the public interest, favors granting a stay.  Defendants assert that the "public also has an interest in having its Zoning and Telecommunications Law complied with" and that "[t]he placement of this tower on this substandard lot will require no less than five variances which the Town and the County Planning Board have indicated was excessive." Response/Reply at 35. Defendants' argument presupposes that Up State did not comply with the Town's local ordinances, a contention which Judge Telesca previously rejected. Moreover, Judge Telesca found that Up State had demonstrated substantial evidence of a significant gap in wireless service that would be addressed by the proposed cell tower. Granting a stay would prevent or delay that coverage gap from being filled, which arguably would not be in the public interest.

    On balance, the Court finds that Defendants have not shown that the relevant factors favor granting a stay. Notably, Defendants have failed to demonstrate the two "most critical," *Nken*, 556

U.S. at 434, factors required to obtain a stay pending appeal: (1) that they will likely succeed on the merits of their appeal; and (2) that they will suffer irreparable harm. Some courts have found that the failure to make the required showing on these two factors is enough to warrant denial of a stay pending appeal. *E.g.*, *In re Cell Tower Litig.*, No. 07-CV-399-BEN WVG, 2012 WL 1903883, at *4 (S.D. Cal. May 24, 2012). Defendants similarly did not establish that the third and fourth factors weigh in favor of granting a stay. At best, these factors are neutral, which still does not suffice for purposes of Rule 62(d), particularly where the other factors clearly do not favor granting a stay. *See*, *e.g.*, *S.E.C. v. Finazzo*, No. M18-304 (KMW), 2008 WL 1721517, at *5 (S.D.N.Y. Apr. 11, 2008) ("[O]n balance, the stay factors weigh against granting Respondent's request for a stay . . . pending appeal. Respondent has failed to show a strong likelihood of success on the merits, that he would suffer irreparable injury absent a stay, and that the public interest favors granting a stay. Although it is unclear whether the SEC would suffer substantial prejudice upon imposition of a stay, Respondent's weak showing on the other three factors persuades the Court that a stay pending appeal is unwarranted in this case.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated: April 20, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court